## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.     06-CR-178-HDC** |
| | ) | **07-CV-373-HDC** |
| **RAYMOND RICARDO ALLEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is defendant Raymond Ricardo Allen's pro se motion seeking to vacate, set aside, or correct sentence [Docket #23], filed pursuant to 28 U.S.C. § 2255.

On October 4, 2006, Raymond Ricardo Allen was named in a single count Indictment charging that on September 16, 2006, he possessed a Grendel Model P10 .380 caliber semi-automatic pistol and seven rounds of Remington Peters .380 caliber ammunition following a felony conviction in violation of 18 U.S.C. § 922(g)(1).  On December 5, 2006, Allen executed a written waiver of trial by jury and pleaded guilty to the offense charged.  On March 12, 2007, the Court sentenced the defendant to a term of 78 months imprisonment, followed by a three year term of supervised release, and a $1,000 fine.  Allen did not file a direct appeal.  On July 2, 2007, Allen timely submitted the present motion, and the Court notes that this is Allen's first such motion.

In his motion, Allen raises one claim of ineffective assistance of counsel, asserting that his attorney Beverly Atteberry was ineffective for failing to object to the application of a four-level enhancement to his base offense level for possession of the charged firearm in connection with another state felony offense, pursuant to the provisions of § 2K2.1(b)(6) U.S.S.G.

## Background

On September 16, 2006, tenants at the Bradford Apartment Complex located in Tulsa, notified the apartment's security officers after witnessing Allen climb through a window to an apartment occupied by Allen's girlfriend Mattie Johnson.  Earlier in the day, the security officers were notified that during a domestic dispute Allen had threatened Johnson with a firearm.  The security officers went to Johnson's apartment to investigate.   When the officers approached Johnson's apartment, Allen answered the door and after seeing the security officers, he quickly shut it.  The officers knocked on the door and it was opened a second time by Allen.  One of the security officers blocked the door with his foot.  Allen backed away from the door and put his hands behind his back.  He raised both hands, brandishing a .380 semi-automatic pistol that was loaded with seven rounds of ammunition, and an air BB pistol from his waistband.  Both officers drew their weapons and Allen threw down his firearms.  The security officers detained Allen until Tulsa Police Officers arrived.  It was later determined that at the time of this offense, Allen had previously been convicted of six felonies in Tulsa District Court, including burglary, two convictions for drug offenses, two convictions for felon in possession of firearms and assault and battery upon a police officer.   Allen also had several previous arrests for domestic assault and battery with a dangerous weapon against various women.

Beverly Atteberry was appointed to represent Allen and a jury trial was set for December 5, 2006.  On the morning of trial, Allen elected to enter a guilty plea and the plea hearing was heard on that same date.

In her response pleading, AUSA Leena Alam advises that in preparing for trial, she interviewed Mattie Johnson.  She also interviewed Erma King, another resident of Bradford

Apartments, who had witnessed Allen threaten Johnson with a gun on the morning of September 16, 2006. On March 1, 2007, the pre-sentence report was prepared and distributed. In the report the probation officer included in paragraph 15, a four-level enhancement for use of the firearm in connection with another felony offense pursuant to §2K2.1(b)(5) for Allen's use of the firearm to threaten Mattie Johnson, which is a state offense of Assault With a Dangerous Weapon.

AUSA Alam advises the Court she informed Attorney Atteberry that she was prepared to present the testimony of Mattie Johnson and Erma King at sentencing in support of the four-level enhancement and possibly pursue additional sentencing enhancements against Allen.

By affidavit attached to government's answer brief, Attorney Atteberry states that she related to Allen her conversations with AUSA Alam and with the probation officer who prepared the report, and told him about the evidence AUSA Alam was prepared to present to establish the enhancement. Attorney Atteberry attests that Allen decided not to contest the inclusion of the enhancement at sentencing.

**Discussion**

To prove a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. *United States v. Cox*, 83 F.3d 336, 341 citing *Strickland v. Washington*, 466 U.S. 668 (1984).

Allen contends his counsel was ineffective for failing to file an objection to the "erroneous" four-level sentence enhancement for committing the instant offense in connection with another offense, because no other offense was charged against him in the Indictment. The Court finds that there is no merit to Allen's claim. As explained in *United States v. Farnsworth*, 92 F.3d 1001 (10th

Cir. 1996) the four-level enhancement applies regardless of whether a second offense is charged or whether a conviction is obtained.  In citing U.S.S.G. § 2K2.1(b)(5), comment, n.7, the court stated:

> A four-level enhancement under section 2K2.1(b)(5) is appropriate if 'the defendant used or possessed any firearm or ammunition in connection with another felony offense.'  A felony offense 'means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained.'

*Id*. at 1009.

In his response pleading, Allen adds a new contention that his attorney was ineffective because she failed to file an objection to see if the government could or would produce the alleged witnesses to prove that he did indeed threaten and/or pull a gun on Mattie Johnson.   Allen states:

> [T]here were no written statements produced by any of the alleged government witnesses there were no Affidavits produced, there was only unreliable hearsay statements from the probation office Report (PSR) which were never substantiated by Petitioner's Attorney she merely took it for fact even after Petitioner told her the information in the PSR regarding the 2K2.1(b)(6) enhancement was incorrect.  Petitioner's attorney simply failed to investigate the issue.

The Court finds no merit to Allen's second contention.  The AUSA assigned to Allen's case advises the Court that she informed Attorney Atteberry that government was prepared to put both Mattie Johnson and Erma King on the witness stand as evidence in support of the four-level sentencing enhancement.  After Allen was told this fact by his attorney he elected not to contest the evidence, thus relieving government of the need to present the evidence.  The transcript of the sentencing hearing substantiates this fact.  On page one, the Court asked Allen whether he had read the pre-sentence report and found it accurate and correct.  Allen answered "Yes." The Court asked the same question to Attorney Atteberry and AUSA Alam.  Both attorneys answered "Yes."  In the event Allen had requested Attorney Atteberry to contest the facts supporting the inclusion of the four-level enhancement, he was obligated to inform the Court at that time that the pre-sentence was

4

not accurate.  His failure to do so corroborates the statement of his attorney that he had waived presentation of the evidence.

Allen's claim of ineffective assistance of counsel is speculative, at best.  A defense counsel can properly rely on government's statement of proffered evidence to support conviction.  There was little room to doubt government's evidence.   The circumstantial evidence known to Attorney Atteberry was sufficient to substantiate government's proffer.  At the time of Allen's arrest, he had illegally entered Johnson's apartment through a window. Allen was in possession of two firearms when the security officers apprehended him in Johnson's apartment.  The security officers were told by witnesses that Allen threatened Johnson with a firearm.  Johnson has an extensive criminal history of assaulting woman, with dangerous weapons. There were no indications which would cause Attorney Atteberry to be suspicious of government's proffered evidence.

Moreover, Allen's § 2255 pleading offers nothing more than conclusory allegations which are clearly insufficient to support a claim under § 2255.  See, e.g. *United States v. Scott*, 7 F.3d 1046 (10th Cir. 1993).   On this fact alone, the Court could properly deny Allen's § 2255 petition.

In addition, Allen has failed to show that he was prejudiced by Attorney Atteberry's failure to object to the four-level enhancement.  Based on AUSA Alam's statement, the government was prepared to present the evidence at sentencing absent Allen's failure to object to the enhancement. Had government presented the evidence at the hearing, the enhancement would still be included within the calculation of Allen's sentence.   Thus his attorney's performance was not ineffective under the standards set forth in <u>Strickland</u>.

### Conclusion

Allen requests a hearing on this matter.  Section 2255 provides that unless the motion and

5

record conclusively show that the defendant  is entitled to no relief, the Court shall grant a hearing. In the present case, the Court concludes that the record conclusively shows that Allen is entitled to no relief, and a hearing would be nonproductive.  Hence, Allen's request for a hearing is denied.

Accordingly, Richard Ricardo Allen's motion pursuant to § 2255 [Docket #23] is hereby DENIED.

IT IS SO ORDERED this 9th  day of November, 2007.


HONORABLE H. DALE COOK
Senior United States District Judge

6